IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOB ARABOV and JACOB THE JEWELER, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> AQUASWISS; NSND, INC.; IAN AFSHAR; and HOMAYOUN AFSHAR, <br><br> Defendants. | Civil Action No. <br><br> CV 03 2667 <br><br> FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. <br><br> MAY 28 2003 <br><br> BROOKLYN OFFICE <br><br> GERSHON, J. <br> AZRACK, J. |

### COMPLAINT and DEMAND FOR JURY TRIAL

Plaintiffs Jacob Arabov and Jacob The Jeweler, Inc. ("Jacob The Jeweler"), by their attorneys Dickstein, Shapiro, Morin & Oshinsky, LLP, for their Complaint against Defendants Aquaswiss, NSND, Inc. ("NSDN"), Ian Afshar, and Homayoun Afshar, avers as follows:

### The Parties

1.  Jacob Arabov is an individual domiciled in the State of New York with his place of business located at Diamond Quasar Jewelry, Ltd., 1196 Sixth Avenue, New York, New York 10036.

2.  Jacob The Jeweler, Inc. is a corporation organized and duly existing under the laws of the State of New York with its place of business located at 1196 Sixth Avenue, New York, New York 10036.

3.  Upon information and belief, Aquaswiss is a company having its place of

business located at 606 S. Hill Street, Suite 201, Los Angeles, CA 90014.

4. Upon information and belief, NSND, Inc. is a California corporation, doing business as Aquaswiss, and having its place of business located at 4633 White Oak Place, Encino, CA 91316.

5. Upon information and belief, Ian Afshar is an individual domiciled in the State of California with his place of business located at Afshar Jewelers, 606 S. Hill Street, Suite 201, Los Angeles, CA 90014.

6. Upon information and belief, Homayoun Afshar is an individual domiciled in the State of California with an address at 4633 White Oak Place, Encino, CA 91316.

## Jurisdiction and Venue

7. This is an action seeking injunctive and monetary relief for (i) patent infringement pursuant to 35 U.S.C. § 281, (ii) false marking under 35 U.S.C. § 292, (iii) copyright infringement pursuant to 17 U.S.C. § 501 (iv) common law trademark infringement pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the statutes and common laws of the State of New York, (v) false designation of origin pursuant to 15 U.S.C. § 1125(a), (vi) unfair competition pursuant to 15 U.S.C. § 1125(a), and (vii) false advertisement pursuant to 15 U.S.C. § 1125(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, and 1338

BB506 v1: 1G%Y01I.DOC

and under the doctrine of pendent jurisdiction.

8. Venue in this action is properly laid in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

9. This Court has personal jurisdiction over Defendants because, *inter alia*, they transact business within the State of New York, have contracted to supply goods and services within the State of New York, regularly do and solicits business within the State of New York, and have distributed infringing goods into the State of New York, thereby availing themselves of the privileges and consequences of conducting business in the State of York, and expects, or reasonably should expect, their acts to have legal consequences in New York.

**Background Facts**

10. Jacob Arabov is the creator and designer of the Five Time Zone Watch. The watch face consists of an original and distinctive combination of colors, shapes, sizes, background, and various design elements both on the front and back of the watch face. Photographs of Mr. Arabov's Five Time Zone Watch are attached as Exhibit A.

11. Mr. Arabov is the sole inventor of the design claimed in U.S. Patent No. D465,739, entitled "Multi-Face Timepiece," dated November 19, 2002 (the "'739 patent"). A copy of the '739 patent is attached as Exhibit B.

12. The Five Time Zone watch face design incorporates the protected subject matter

3

of the above-referenced design patent.

13. Mr. Arabov is the sole author of the watch face design entitled "Five Time Zone Watches," and the claimant of record, with respect to U.S. Copyright Registration Number VA-1-130-830, registered on October 30, 2001. A copy of the registration is attached as Exhibit C.

14. The Five Time Zone watch face design incorporates the protected subject matter of the above-referenced copyright registration.

15. Jacob The Jeweler, Inc. is the owner of the following U.S. Trademark Registration:

    a) "J & Co Jacob & Co." word mark, in connection with jewelry and watches, filed September 4, 2001, Serial No. 76308831, Registration No. 2,676,899 dated January 21, 2003.

A copy of the trademark registration from the United States Patent and Trademark Office ("USPTO") is attached hereto as Exhibit D.

16. Jacob The Jeweler, Inc. is the owner of the following federal trademark registration applications:

    a) "Jacob & Co." word mark, in connection with jewelry and watches, filed September 4, 2001, Serial Number 76308832; and

    b) "Jacob & Co" word mark, in connection with, among other things, jewelry, filed August 20, 2002, Serial Number 78155805.

Copies of the application information from the USPTO are attached hereto as Exhibit E.

17. Due to its popularity, the watch face design of the Five Time Zone Watch has acquired secondary meaning and serves to identify the watch as emanating from Jacob Arabov and/or Jacob The Jeweler and/or Jacob & Co.

18. The Five Time Zone Watch is available in a variety of models and costs anywhere from $ 6,000 to $ 55,000 dollars depending on the model. A brochure depicting the models and setting forth the prices, and a print out of the internet catalogue is attached as Exhibit F.

19. Jacob The Jeweler has been manufacturing and selling the Five Time Zone Watch since about July 2001. Jacob The Jeweler has sold approximately two thousand (2000) Five Time Zone Watches since April 2002.

20. Celebrities who wear the Five Time Zone Watches include the following:

Ben Affleck;

Angela Bassett;

David Beckham;

Naomi Campbell;

Sean "P. Diddy/Puff Daddy/Puffy" Combs;

Enrique Iglesias:

Carmen Kass;

5

68506 V1: 1G%Y01!.DOC

Ozzy Ozbourne; and

Justin Timberlake.

21. The Jacob Arabov, Jacob The Jeweler, Jacob & Co. names and trademarks, including the design and look of the Five Time Zone Watch face, have acquired an exceedingly valuable goodwill and reputation among consumers and, in particular, among celebrity "hip-hop" musicians (see articles attached as Exhibit G), and now enjoys a secondary meaning whereby consumers associate the names, trademarks, and designs with particular products, including the Five Time Zone Watch, and as emanating from Jacob Arabov, Jacob The Jeweler, and Jacob & Co.

22. The Aquaswiss Diablo Collection watches are confusingly similar to Plaintiffs' Five Time Zone Watches. See the advertisements for the Diablo Collection attached as Exhibit H. The watches incorporate the subject matter of the above-referenced design patent, the subject matter of the above-referenced copyright registration, and incorporates the trade dress and look and design of The Five Time Zone watch which identifies Jacob Arabov and/or Jacob The Jeweler as the source of the watch.

23. Upon information and belief, Defendants have manufactured and/or imported and/or distributed and/or marketed and/or sold its infringing watches in interstate commerce.

68506 v1; 1G%Y01!.DOC

24. Defendant's imitative watches were and are being offered for sale and distributed by Defendants and their agents in the United States in direct competition with Plaintiffs Five Time Zone Watch.

25. At an industry trade show entitled JA New York Jewelry Show held at the Jacob Javits Convention Center in New York, NY in July 2002, Aquaswiss maintained a booth directly next to Plaintiff's booth, at which time Aquaswiss asserted an interest in The Five Time Zone Watch.

26. After that trade show, Aquaswiss began marketing its Diablo Collection.

27. The Diablo Collection appears on the Aquaswiss web site located at www.aquaswisswatch.com or www.aquazonewatch.com.

28. The Aquaswiss web site also alerts customers that they can purchase watches only through authorized dealers in various states. In New York, the authorized dealers include Saks Fifth Avenue located in Garden City, and Golden Door Fine Jewelry, located in Brooklyn.

29. Plaintiffs notified Defendants of its infringement and unfair competition claims by letter dated April 29, 2003. See Exhibit I.

30. Plaintiffs are informed and believe that Defendants offered for sale and distributed their imitative watches with full knowledge that the watches are confusingly similar to the original Five Time Zone Watch.

7

## Count I
## Patent Infringement

31. Plaintiffs repeat and incorporate herein, the allegations of paragraphs 1-30 inclusive.

32. Jacob Arabov is, and has been since its issuance, the owner of the entire right, title and interest in the '793 patent. The '793 patent was duly and legally issued by the United States Patent and Trademark Office on November 19, 2002.

33. The '793 patent teaches the design of a multi-face timepiece, including the watch face and bezel.

34. Upon information and belief, Defendants have been and still are infringing the '739 patent by participating in, encouraging, and inducing the manufacture of and engaging in the distribution of watches incorporating the design taught in the '739 patent.

35. Defendants have committed said acts with no authorization or license whatsoever granted from Jacob Arabov. Upon information and belief, said acts of patent infringement by Defendants have been committed in this judicial district.

36. Plaintiffs have been and continue to be substantially and irreparably injured by the manufacture, importation, distribution and sale by Defendants of infringing copies of the Five Time Zone Watch.

8

69606 v1:16%Y01!.DOC

37. Unless enjoined by this Court, Defendants will continue to infringe Jacob Arabov's patent. Selling watches that incorporate the protected subject matter of the '739 patent unjustly enriches Defendants while causing Plaintiffs irreparable harm.

38. Plaintiffs have no adequate remedy at law and cannot obtain relief save in this Court by an injunction, accounting and damages.

## Count II
### False Patent Marking

39. Plaintiffs repeat and incorporate herein the allegations of paragraphs 1-38 inclusive.

40. In their Diablo Collection brochure, and in various magazine advertisements, Defendants assert that its designs are "Patented designs." See Exhibit H. Plaintiffs are informed and believe that Defendants do not possess a design patent on its Diablo Collection watch face design and that the only patented design incorporated in the Diablo Collection watch face designs is the '739 patent.

41. Defendants have committed said acts of patent marking with no authorization or license whatsoever granted from Jacob Arabov. Upon information and belief, said acts of copyright infringement by Defendants have been committed in this judicial district.

42. Plaintiffs have been and continue to be substantially and irreparably injured by the false patent marking by Defendants.

9

BB508 v1; 1G%Y01!.DOC

43. Unless enjoined by this Court, Defendants will continue to falsely mark its Diablo Collection watches. Such marketing and advertising unjustly enriches Defendants while causing Plaintiffs irreparable harm.

44. Plaintiffs have no adequate remedy at law and cannot obtain relief save in this Court by an injunction, accounting and damages.

## Count III
### Copyright Infringement

45. Plaintiffs repeat and incorporate herein the allegations of paragraphs 1-44 inclusive.

46. Jacob Arabov's Five Time Zone Watch design is wholly original with Jacob Arabov, the rights to which are exclusively owned by Jacob Arabov. Said original material is copyrightable subject matter under the laws of the United States.

47. Jacob Arabov, who has at all relevant times been a citizen of the United States, has complied with the Copyright Act and all other laws governing copyright with relation to the Five Time Zone Watch; Jacob Arabov has secured the exclusive rights and privileges in and to the statutory copyright in the Five Time Zone Watch by duly registering a claim thereto in the United States Copyright Office, and evidenced by the above-referenced certificate of registration issued by the Register of Copyrights.

48. Jacob Arabov has always been and continues to be the sole and exclusive owner of all right, title and interest to the above-referenced, valid and subsisting copyright, and which copyright protection encompasses the design of the watch face.

10

68606 91: 1G%Y01!.DOC

49. The Five Time Zone Watch incorporates the subject matter of the above-referenced copyright registration.

50. Defendants have infringed Jacob Arabov's copyright in the Five Time Zone Watch by manufacturing, importing, distributing and selling watches which incorporate a design substantially similar to Jacob Arabov's original copyrighted work, Five Time Zone Watches.

51. Defendants have committed said acts of manufacturing, importing, distributing and selling copies of the copyrighted work with no authorization or license whatsoever granted from Jacob Arabov. Upon information and belief, said acts of copyright infringement by Defendants have been committed in this judicial district.

52. Plaintiffs have been and continue to be substantially and irreparably injured by the manufacture, importation, distribution and sale by Defendant of infringing copies of the Five Time Zone Watch.

53. Unless enjoined by this Court, Defendants will continue to infringe Jacob Arabov's copyright. Selling substantially similar copies of the Five Time Zone Watch unjustly enriches Defendants while causing Plaintiffs irreparable harm.

54. Plaintiffs have no adequate remedy at law and cannot obtain relief save in this Court by an injunction, accounting and damages.

69508 v1; 1GKY01!.DOC

11

## Count IV
## Trade Dress Infringement, False Designation, False Advertising, and Unfair Competition Under The Lanham Act

55. Plaintiffs repeat and incorporate herein the allegations of paragraphs 1-54 inclusive.

56. This Count arises under Section 43(a) of the Lanham Act, 15 USC §1125(a).

57. Jacob The Jeweler has expended significant financial resources promoting and marketing the high quality Five Time Zone Watch and other high quality jewelry bearing the above-referenced trademarks, and has succeeded in establishing and has established significant recognition and consumer goodwill throughout the United States. By virtue of such extensive promotion of Plaintiffs' name, trademarks, and trade dress, Plaintiffs today are recognized by purchasers as the jeweler to "hip-hop" musicians and celebrities in the United States.

58. The configuration of the watch face design is inherently distinctive and serves as a designator of the origin of the jewelry as designed and manufactured by Plaintiffs.

59. Specifically, the distinctive trade dress of the Five Time Zone Watch comprises a unique combination of shape and configuration, including, among other things, the shape, size, placement, and configuration of four time zones superimposed on the fifth time zone, all of which were copied by Defendants.

60. The trade dress has acquired secondary meaning as a result of Plaintiffs' extensive advertising, promotion, media attention, and success in sales to high profile musicians and celebrities.

61. Defendants' manufacture, importation, distribution and sale of their watches is a clear infringement of Plaintiffs' trade dress rights, and were obviously designed to trade on the goodwill, reputation, and success of Plaintiffs, and was done with the expectation of obtaining an unfair advantage over Plaintiffs.

62. Defendants' use of Plaintiffs' trade dress has caused and will cause confusion, mistake or deception of purchasers as to the source of their goods. Purchasers are likely to purchase Defendants' goods bearing the confusingly similar watch face look and design belonging to Plaintiffs, believing they are Plaintiffs' products or are endorsed by or marketed under agreement with Plaintiffs, thereby resulting in a loss of sales to Plaintiffs.

63. The false marking by Defendants in their Diablo Collection brochure and in various magazine advertisements, asserting that its designs are "Patented designs" further confuse customers as to the source of the watches since the only patented design incorporated in the Diablo Collection watch face designs is the '739 patent owned by Plaintiffs.

68508 v1; 1G%Y01!.DOC

64. Plaintiffs have never had any control over the quality of the goods sold by Defendants, and because of the confusion as to the source encouraged by Defendants, Plaintiffs' valuable goodwill in regard to its watch face design is at Defendants' mercy.

65. The infringement, unfair competition, false advertising, and false designation by Defendants have been designed specifically to trade upon the enormous goodwill associated with Plaintiffs trade dress and design.

66. The trade reputation and goodwill of Plaintiffs are of enormous value to Plaintiffs, and Plaintiffs have suffered and continue to suffer damages as a result of Defendants' infringement of Plaintiffs' trademarks, its conduct of unfair competition, its false advertising, false marking, and its false designation of origin.

67. Defendants' actions are unlawful under Title 15 of the United States Code, and Plaintiffs have suffered damages in an amount not yet calculated.

68. Plaintiffs are without an adequate remedy at law.

### Count V
### Unfair Competition

69. Plaintiffs repeat and incorporate herein the allegations of paragraphs 1-68 inclusive.

70. This Count arises under New York's law of unfair competition. Jurisdiction is pendant pursuant to 28 U.S.C. 1338(b).

71. Defendants' conduct alleged above constitutes unlawful, unfair, and/or fraudulent business practices in violation of New York law of unfair competition.

88508 v1; 18%Y01!.DOC

Defendants' offering for sale and distribution of watches incorporating Plaintiffs' watch face look and design without Plaintiffs' authorization is likely to cause confusion, mistake and deception among the public and the trade who will be led to erroneously believe that Defendants' watches are approved or produced by or emanate from the same source as produces the original Five Time Zone Watch.

72. Defendants' wrongful conduct has proximately caused and will continue to cause substantial injury to Plaintiffs, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to their reputation and diminution of the value of their products. The harm this wrongful conduct will cause to Plaintiffs is both imminent and irreparable, and the amount of damages sustained by Plaintiffs will be difficult to ascertain if Defendants' conduct continues.

73. Defendants' foregoing actions are unlawful and Plaintiffs have been damaged in an amount not yet calculated. Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs pray for relief as follows:

A. That this Court hold that Defendants have infringed Plaintiff's patent, copyright and watch face design trademark, has falsely marked its products, and has engaged in unfair business practices in violation of The Lanham Act and New York law;

B. That this Court hold that there is a substantial likelihood that Defendants will continue to infringe Plaintiffs' copyright and trademarks and engage in unfair competition unless enjoined from doing so;

68506 v1: 1G%Y01I.DOC

C. That this Court grant a preliminary and permanent injunction restraining Defendants, their partners, officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, or any of them, from infringement of Plaintiffs' patent, copyright and trademarks, from falsely marking its products, and from unfairly competing with Plaintiffs;

D. That this Court order the impounding, on such terms as it may deem reasonable, of all infringing products in Defendants' possession, custody or control;

E. That this Court order Defendants' to account to Plaintiffs for its profits, the actual damages suffered by Plaintiffs as a result of Defendants' acts, together with interest and costs; and that said damages be trebled as a consequence of the willful nature of Defendants' acts, and that such accounting include any and all invoices, documents, and any other information in Defendants' possession, custody, or control, regarding customers and sales;

F. That this Court order Defendants to recall its infringing products from all customers to which they sold such products;

G. That this Court order Defendant to surrender for destruction all infringing products, any copies, facsimiles, or duplicates of same as well as all materials, catalogs, promotional materials and the like which otherwise embody or depict the infringing product, and other materials constituting infringement of Plaintiffs' rights, in Defendants' possession, custody or control;

16

H.  That this Court order Defendants to provide to Plaintiffs any and all information in its custody, control, or possession regarding any third party manufacturer, supplier, importer, exporter, or distributor of the infringing products, or any part or parts of the infringing products, whether foreign or domestic, sold by Defendants, including invoices, shipping documents, and bills of lading.

I.  That Defendants be compelled to pay Plaintiffs' attorney's fees, together with the costs of this suit; and

J.  For such other and further relief as may be just and equitable.

### JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury.

Dated:      May 28, 2003
            New York, NY

Respectfully submitted,

*[signature]*

DICKSTEIN SHAPIRO MORIN
    & OSHINSKY LLP
Keith D. Nowak (KN0230)
Abbey Green (AG 9293)
1177 Avenue of the Americas
New York, NY 10036-2714
(212) 896-5429

Attorneys for Jacob Arabov and Jacob The Jeweler, Inc.

17

6B506 v1; 1GNY01!.DOC